IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| RACHEL WOLFF, | : | |
| Plaintiff, | : | Docket No.: |
| | : | |
| v. | : | |
| | : | |
| CAMP GAN ISRAEL NORTHEAST, INC., | : | JURY TRIAL DEMANDED |
| EVENTS BY SHMUEL, INC., and REUVEN | : | |
| GLASSMAN a/k/a SHMUEL GLASSMAN, | : | |
| | : | |
| Defendants. | : | COMPLAINT |

AND NOW COMES FORTH Plaintiff RACHEL WOLFF, by and through her counsel ZIMMERMAN & OHLIGER, and Complains of Defendants as follows:

I. Parties

1. Plaintiff RACHEL WOLFF is an adult individual, *sui juris*, with an address of 8460 SW 198th St., Cutler Bay, FL 33189-1900.

2. At all times relevant hereto Defendant CAMP GAN ISRAEL NORTHEAST, INC., d/b/a CAMP GAN ISRAEL (hereinafter "CAMP GAN ISRAEL") was and is a Pennsylvania limited liability company with a business address of 7622 Castor Ave., Philadelphia, PA 19152.

3. At all times relevant hereto, Defendant EVENTS BY SHMUEL, INC. was and is a corporation with a business address of 1435 40th Street, Brooklyn, NY 11218.

4. At all times relevant hereto Defendant REUVEN GLASSMAN a/k/a SHMUEL GLASSMAN was and is an adult individual with a residence and business address at 1435 40th St., Brooklyn, NY 11218.

## II. Jurisdiction and Venue

5. Jurisdiction is based upon 28 United States Code § 1332(a)(1).

6. Plaintiff is a citizen of the State of Florida.

7. Defendant CAMP GAN ISRAEL is a citizen of the Commonwealth of Pennsylvania, having its headquarters and corporate "nerve center" at the aforesaid address.

8. Defendant EVENTS BY SHMUEL, INC. is a citizen of the State of New York, having its headquarters and corporate "nerve center" at the aforesaid address.

9. Defendant GLASSMAN is a citizen of the State of New York.

10. The amount in controversy in this case exceeds seventy-five thousand dollars ($75,000.00).

## III. Factual Allegations

11. At the time of the subject incident set forth herein, Plaintiff was a minor child.

12. At all times relevant hereto, Defendant CAMP GAN ISRAEL owned, operated, maintained, controlled, and/or leased the premises located at 127 Log and Twig Rd., Dingmans Ferry, PA 18328.

13. At all times relevant hereto Defendant CAMP GAN ISRAEL owned, operated, and/or maintained a campground providing campers with a variety of recreational outdoor activities.

14. At all times relevant hereto, Plaintiff was a business invitee lawfully upon the subject Premises as a resident camper.

15. At all times relevant hereto, Defendant EVENTS BY SHMUEL, INC. and/or Defendant GLASSMAN were and are engaged in the business of selling, leasing, renting, or otherwise letting for hire non-motorized pedal karts.

16. At all times relevant hereto, on or about August 20, 2019, Defendant CAMP GAN ISRAEL individually, and by and through its agents, employees, and/or servants, with negligence, gross negligence, and/or recklessness, permitted Plaintiff to operate a non-motorized pedal kart, without proper supervision, experience, and/or training and over terrain which was unsafe for that operation.

17. The aforesaid kart was purchased, leased, rented, or otherwise acquired by Defendant CAMP GAN ISRAEL from Defendant EVENTS BY SHMUEL, INC. and/or Defendant GLASSMAN, who likewise provided inadequate or no supervision and/or training, and with negligence, gross negligence, and/or recklessness, permitted Plaintiff to operate one of those vehicles to be operated over terrain which was unsafe for that operation and despite having no experience doing so.

18. While operating the aforementioned non-motorized pedal kart, Plaintiff suffered severe and permanent injuries, *to wit*, an anterior cruciate ligament tear in her right knee and tibial plateau fracture as result of Defendant's negligence as set forth in greater detail herein.

## COUNT I

### RACHEL WOLFF v. CAMP GAN ISRAEL NORTHEAST, INC.

19. Plaintiffs incorporate the foregoing paragraphs of this Complaint by reference, as if more fully restated herein.

20. The aforementioned incident was a direct and proximate result of the carelessness and negligence of Defendant CAMP GAN ISRAEL.

21. As the property owner, Defendant CAMP GAN ISRAEL owed business visitors and/or public invitees to the Premises a non-delegable duty to use reasonable care in the maintenance and use of the premises, and to protect invitees from foreseeable harm, to inspect the premises, and to discover dangerous conditions that it should have anticipated.

22. As the operator of a camp at which Plaintiff was a resident camper, Defendant CAMP GAN ISRAEL owed Plaintiff (who was at the time a minor child) the "highest duty" to ensure that she engaged in safe, well-supervised, age-appropriate, and ability-appropriate recreational activities and that she would not suffer injury due to its negligence.

23. The carelessness and negligence of Defendant CAMP GAN ISRAEL, individually and by and through its agents, employees, and/or servants, consisted of the following acts and omissions in breach of its aforesaid duties:

    a. Failing to supervise resident campers, including Plaintiff, while they operated non-motorized pedal karts;

    b. Negligently supervising resident campers, including Plaintiff, while operated a non-motorized pedal karts;

    c. Negligently entrusting resident campers, including Plaintiff, with non-motorized pedal karts despite the fact that it provided inadequate instruction and knew or should have known that some or all of the campers were inexperienced in their operation;

    d. Negligently instructing or training, and/or failing to instruct or train, resident campers, including Plaintiff, prior to allowing them to operate the subject karts;

    e. Failing to properly train and/or instruct its agents, employees, and/or servants charged with the task of supervising and monitoring the resident campers, including Plaintiff, in their activities;

    f. Failing to employ agents, employees, and/or servants, or failing to employ those individuals in sufficient quantity, to ensure that resident campers, including Plaintiff, were properly supervised and monitored;

g. Failing to properly monitor, maintain, and/or make reasonable inspections of the premises for the purpose of ensuring that it was safe for resident campers, including Plaintiff, to operate non-motorized pedal karts;

h. Negligently selecting and/or hiring a third-party vendor to provide the subject karts to resident campers without itself being sufficiently knowledgeable of the training, experience, or knowledge of that vendor, and/or without being sufficiently knowledgeable of the type, style, condition, maintenance history, or degree of unsafeness of the subject karts;

i. Failing to confer and communicate with its third-party vendor to ensure that proper instructions were given and that the activity could be engaged in safely by the resident campers;

j. Failing to maintain the land upon which the karts were operated in a safe condition, free of defects and/or dangerous conditions; and

k. Failing to assess the unsafeness of the event, and to determine in its sound discretion not to have campers engage in the activity.

24. Defendant, by and through the aforesaid negligence of itself and/or its agents, employees, and/or servants, as aforesaid and otherwise, is solely and wholly at fault for the incident that is the subject of this case.

25. As a direct and proximate result of the negligence and carelessness of Defendant's agents, employees, and/or servants as aforesaid, or by its failure to otherwise exercise due care and caution under the circumstances, Plaintiff was caused to suffer severe, painful, and permanent injuries, as well as embarrassment and humiliation, and in the future will continue to suffer great pain and agony.

26. As a direct and proximate result of the negligence and carelessness of Defendant's agents, employees, and/or servants as aforesaid, or by Defendant's failure to otherwise exercise due care and caution under the circumstances, Plaintiff was rendered unable to engage in her professional and normal lifestyle, and in the future, will continue to be unable to engage in her professional and normal lifestyle; with Plaintiff suffering a diminishment of her earning capacity and diminution in her ability to enjoy life and life's pleasures as a result.

27. As a direct and proximate result of the carelessness and negligence of Defendant's agents, employees, and/or servants as aforesaid, or by Defendant's failure to otherwise exercise due care and caution under the circumstances, Plaintiff has expended (or has had expended on her behalf) various sums for medical care and treatment and, in the future, will continue to have to spend large and various sums of money for medical care and treatment.

28. As a direct and proximate result of the negligence and carelessness of Defendant's agents, employees, and/or servants as aforesaid, or by their failure to otherwise exercise due care and caution under the circumstances, Plaintiff was caused to suffer scarring, disfigurement, embarrassment, humiliation, and mental and emotional anguish and injury.

## COUNT II

### RACHEL WOLFF v. EVENTS BY SHMUEL, INC. and REUVEN GLASSMAN a/k/a SHMUEL GLASSMAN

29. Plaintiffs incorporate the foregoing paragraphs of this Complaint by reference, as if more fully restated herein.

30. The aforementioned incident was a direct and proximate result of the carelessness and negligence of Defendant EVENTS BY SHMUEL, INC and/or GLASSMAN.

31. As a business engaged in the sale, leasing, renting, or letting by hire of non-powered pedal karts, Defendants EVENTS BY SHMUEL, INC. and/or GLASSMAN had a duty to the

intended users of those karts to use ordinary care in the performance of that activity, to train and instruct the intended users of the karts and/or to ensure that they were sufficiently skilled and experienced in doing so, and to ensure that activities undertaken with those karts were done safely and without physically endangering riders.

32. The carelessness and negligence of Defendants EVENTS BY SHMUEL, INC. and/or GLASSMAN, individually and by and through its agents, employees, and/or servants, consisted of the following acts and omissions in breach of its aforesaid duties:

    a. Entrusting users, including Plaintiff, with non-motorized pedal karts when it knew or should have known that the users lacked sufficient experience, training, instruction, and knowledge to operate them safely;

    b. Failing to provide training and instruction to users to ensure that they would properly and safely operate the karts;

    c. Entrusting users, including Plaintiff, with non-motorized pedal karts when it knew or should have known that Plaintiff was physically unable to completely control or otherwise safely operate same;

    d. Entrusting users, including Plaintiff, with non-motorized pedal karts without first confirming that the terrain upon which they would be operated was safe, appropriate, and not unreasonably dangerous;

    c. Failing to provide direction to Defendant CAMP GAN ISRAEL of the need to adequately instruct users to ensure proper and safe operation of the karts;

    d. Failing to provide books, documents, videos, or other instructive materials to Defendant CAMP GAN ISRAEL to assist in instruction, or to provide those materials to users directly;

e. Negligently supervising users, including Plaintiff, while operated a non-motorized pedal karts;

f. Failing to ensure that the use of the karts was properly supervised by others, including employees, agents, and/or servants of Defendant CAMP GAN ISRAEL;

g. Failing to draft, devise, or ensure the existence of an adequate plan to ensure that the karts were used in a safe and orderly manner;

h. Failing to properly train and/or instruct its agents, employees, and/or servants charged with the task of supervising and monitoring the resident campers, including Plaintiff, in the subject activity;

i. Failing to employ agents, employees, and/or servants, or failing to employ those individuals in sufficient quantity, to ensure that resident campers, including Plaintiff, were properly supervised and monitored; and

j. Failing to properly monitor, maintain, and/or make reasonable inspections of the premises for the purpose of ensuring that it was safe for resident campers, including Plaintiff, to operate non-motorized pedal karts.

33. Defendants, by and through the aforesaid negligence of itself and/or its agents, employees, and/or servants, as aforesaid and otherwise, is solely and wholly at fault for the incident that is the subject of this case.

34. As a direct and proximate result of the negligence and carelessness of Defendants' agents, employees, and/or servants as aforesaid, or by its failure to otherwise exercise due care and caution under the circumstances, Plaintiff was caused to suffer severe, painful, and permanent injuries, as well as embarrassment and humiliation, and in the future will continue to suffer great pain and agony.

35. As a direct and proximate result of the negligence and carelessness of Defendants' agents, employees, and/or servants as aforesaid, or by Defendants' failure to otherwise exercise due care and caution under the circumstances, Plaintiff was rendered unable to engage in her professional and normal lifestyle, and in the future, will continue to be unable to engage in her professional and normal lifestyle; with Plaintiff suffering a diminishment of her earning capacity and diminution in her ability to enjoy life and life's pleasures as a result.

36. As a direct and proximate result of the carelessness and negligence of Defendants' agents, employees, and/or servants as aforesaid, or by Defendants' failure to otherwise exercise due care and caution under the circumstances, Plaintiff has expended (or has had expended on her behalf) various sums for medical care and treatment and, in the future, will continue to have to spend large and various sums of money for medical care and treatment.

37. As a direct and proximate result of the negligence and carelessness of Defendants' agents, employees, and/or servants as aforesaid, or by their failure to otherwise exercise due care and caution under the circumstances, Plaintiff was caused to suffer scarring, disfigurement, embarrassment, humiliation, and mental and emotional anguish and injury.

WHEREFORE, Plaintiff RACHEL WOLFF demands judgment against Defendant CAMP GAN ISRAEL NORTHEAST, INC d/b/a CAMP GAN ISRAEL, EVENTS BY SHMUEL, INC., and REUVEN GLASSMAN a/k/a SHMUEL GLASSMAN, jointly and severally, for the full amount of her damages as aforesaid in an amount in excess of seventy-five thousand dollars ($75,000.00), together with costs, disbursements, and all other relief deemed just and proper by the Court.

Respectfully Submitted,

ZIMMERMAN & OHLIGER

_____
Jason R. Ohliger, Esquire
ohliger@wzlawfirm.com
The Kenworthey Building
410 Broad Street
Milford, PA 18337
570-296-7300
570-296-8600 (fax)
Attorneys for Plaintiff